UNITED STATES MANUFACTURING COMPANY *vs.* A. N. CLARK & others.

Suffolk.   November 15. — 20, 1875.   WELLS & ENDICOTT, JJ., absent.

A. brought an action against B. and attached personal property. A. was then sued by a creditor, and B. summoned as trustee. Both actions were returnable to and entered at the same term. B. was adjudged a trustee, and paid on execution to A.'s creditor the full amount due from B. to A. Afterwards, during the same term, judgment was ordered for the plaintiff for his costs, in the action of A. against B., and the clerk taxed the costs down to the time of such judgment, including the fees for keeping the attached property after payment by the trustee. *Held,* under the Gen. Sts. c. 142, § 20, that the taxation of costs was correct.

APPEAL by the defendants from the taxation of costs by the clerk of the Superior Court, in an action of contract.   The case was submitted to the Superior Court, and to this court, on appeal, upon an agreed statement of facts, in substance as follows :

The writ was dated October 19, 1874, was served the same day by attachment of personal property, and a keeper put in charge; the writ was returnable to, and entered at, January term 1875.

On November 16, 1874, an action was commenced by William A. Wallace, against the above plaintiff and the above defendants as trustees.   Service was made on the trustees the same day. The writ was returnable to and entered at January term 1875; the trustees answered on January 15; the defendant was defaulted; the trustees were charged on their answer; judgment was rendered on January 30th against the principal defendant,

and its funds in the hands of the trustees, for $636.82 damages and $17.49 costs. Execution issued on February 2, and on demand by the deputy sheriff was paid by the trustees on February 3.

On November 16, 1874, James N. Cutter and others commenced an action against the plaintiff, and the defendants were summoned as trustees. The writ was served the same day; was returnable to, and entered at, January term, 1875; the trustees filed an answer and were charged on the same, and judgment for the plaintiff was rendered on January 30, 1875; execution issued February 3, and on the same day the trustees paid to the officer having the execution $415.10.

The sums paid by the trustees in the last two suits were the full amount for which they had been sued in the first named action, with interest to date of payment.

An additional answer was filed on February 4, setting up the above facts in bar. On March 13, a replication was filed admitting the above facts, and claiming judgment for costs. This claim was resisted by the defendants, who contended that no costs could be recovered beyond the time of the service of the writs in which they were summoned as trustees. A hearing was had in the Superior Court, March 13, and the decision of the judge was announced on March 23, and entered upon the docket, " Judgment for plaintiff for costs."

At the hearing before the clerk on the taxation of costs, both parties were represented. After the above adjudication the defendants claimed to be heard at the taxation of costs; and at such taxation the assistant clerk allowed costs to the plaintiff up to the time of the above adjudication by the court, which included the cost of keeping the attached property to February 24, 1875, for which costs an amendment to the officer's return was allowed by the court. There were no costs after February 24, and no costs were taxed accruing after the answer of the trustees except the officer's fees for keeping property attached, stated in his amended return.

From this taxation the defendants appealed, contending that no costs should be allowed after service of the trustee writs, or after answer by the trustees, or after judgment against them, or payment by them.

The Superior Court affirmed the taxation of costs; and the defendants appealed to this court.

*T. F. Nutter*, for the defendants.

*J. S. Abbott*, for the plaintiff.

GRAY, C. J.   This action, and that in which the defendants were summoned as trustees of the plaintiff, were returnable at the same term.   Until that term, this plaintiff could not know whether the trustee process would be entered, and these defendants were not and could not be adjudged his trustees therein, nor the fact stated on the record of this action.   The plaintiff, by the express provision of the Gen. Sts. *c.* 142, § 20, was entitled to judgment in this action for the costs due to him, which must include the taxable costs before and at that term, and no more have been allowed in this case.            *Taxation affirmed.*